### THE STATE *v.* JAMES MARSH.

The *forcible detainer* of personal property, is not indictable at common law.

One tenant in common does no wrong, (civil and criminal) to a co-tenant by keeping sole possession of, *ex. gr.*, a bale of cotton, even by force.

FORCIBLE-TRESPASS, tried before *Watts, J.*, at Fall Term 1869 of JOHNSTON Court.

The facts were, that Creech was tenant in common of a bale of cotton, with Hodges and Sanders; that the two latter had authorized the defendant to take it into his possession: it being before in the possession of Hodges. Just after the defendant placed it in his cart, Creech came up, and having made some previous arrangement with her co-tenants by which she was to take the cotton into possession, demanded that the plaintiff should deliver it to her. He refused to do this, and a quarrel ensuing, he retained possession by force.

Under the instructions of his Honor, the jury found a verdict of guilty; and the defendant appealed

*Strong*, for the appellant.
*Attorney General, contra.*

DICK, J. In contemplation of law, it is not a civil injury, or a public wrong, for one tenant in common, or his agent, to withhold the common property from the possession of his co-tenant. They have a mutual right of possession, and if this right is denied, the party excluded has a simple and speedy remedy, by a severance of the co-tenancy.

In this case, one of the co-tenants authorized the defen-

dant to take the cotton into his possession, and the subsequent detainer of it from the prosecutrix, even if it was with force, was not an indictable offence.

It is doubtful whether a forcible detainer of land is indictable at common law, when the entry was peaceable; but it is certain that the doctrine of forcible detainer has never been extended to personal property.

His Honor erred in his instructions to the jury, and there must be a *venire de novo.* Let this be certified.

PER CURIAM.	*Venire de novo.*